Wash, J.,
delivered the opinion of the Court.
This cause was heard in the Circuit Court, (as the record tells us,) on the bill, answer and exhibits, and the testimony offered in the presence of counsel, learned on both sides, and upon such hearing, after debate, the said Court ordered and decreed tiife complainant’s bill to stand thenceforth absolutely dismissed ; to reverse which decree this appeal is prosecuted. The assignment of errors is general. Several points have been raised and ably and ingeniously argued by counsel for the complainants, which need not bo decided or considered from the view we take of the subject. It is wisely provided, in an act to tegulale proceedings in Chancery, sec. 42, p. 646, R. Code, that it shall be the duty of every Court of Chancery (from whose decree an appeal lies) to cause the facts, on which they found their decree, to appear either in the pleadings and decree itself, as a case agreed by special verdict, or the testimony of witnesses reduced to writing by the commissioner. And it has been contended that sufficient facts do not appear to warrant the decree in this cause. We think differently, and without seeing upon what precise ground the Court below proceeded, we see enough to warrant the decree rendered. The deeds of sale and abandonment set out in the complainant’s bill, exhibits two and three, makes it a clear ease at law, and the appellants might have recovered (for aught appears to this Court) in damages on the covenant, full indemnity for the wrongs complained of. But were it otherwise, and the case a clear one for the exercise of equity jurisdiction, this Court would feel little hesitation in giving to those deeds a different construction from that for which the appellants contend.
The judgment of the Circuit Courtis, therefore, affirmed with costs.